# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**ROBERT S. WALKER**                                                        **PLAINTIFF**

**v.**                                     **CIVIL ACTION NO:. 1:12CV039-SA-DAS**

**TRONOX LLC**                                                          **DEFENDANT**

## MEMORANDUM OPINION

Before the Court is a Partial Motion to Dismiss for Failure to State a Claim [11] filed by Defendant Tronox LLC. For the following reasons, the Court grants the motion in part.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff Robert S. Walker, a black male, brings this suit against his employer, Tronox, alleging racial discrimination and harassment in violation of Title VII, intentional infliction of emotional distress (IIED), and negligent infliction of emotional distress (NIED). Walker alleges that he was subjected to discriminatory promotion criteria and demoted because he failed a verbal test, while similarly situated white employees were not required to take the verbal test. Tronox now moves the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for dismissal of Walker's hostile work environment, IIED, and NIED claims.

## MOTION TO DISMISS STANDARD

Under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679, 129 S. Ct. 1937 (quoting FED. R. CIV. P. 8(a)(2)).

The Supreme Court's decision in Iqbal provides a framework for examining the sufficiency of a complaint. First, the district court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

**I.     Harassment Claim**

Count II of Plaintiff's complaint is labeled "Harassment" and avers that "Plaintiff was unlawfully harassed by his supervisor because of his race." Tronox and Walker treat this as a Title VII hostile work environment claim. Tronox argues that the Court should dismiss Walker's hostile work environment claim on two grounds. First, Tronox argues that Walker failed to exhaust his administrative remedies regarding this claim. Second, Tronox argues that Walker's complaint fails to state a plausible hostile work environment claim. Each contention will be addressed in turn.

    A.     Failure to Exhaust Administrative Remedies

Employment discrimination plaintiffs must exhaust their administrative remedies before pursuing claims in federal court. Taylor v. Books a Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002). Exhaustion under Title VII requires filing a timely charge of discrimination with the EEOC and

receipt of a "right-to-sue" letter. 42 U.S.C. § 2000e–5 (e) and (f); see also Taylor, 296 F.3d at 379. Exhaustion "serves the dual purposes of affording the EEOC and the employer an opportunity to settle the dispute through conciliation, and giving the employer some warning as to the conduct about which the employee is aggrieved." Hayes v. MBNA Tech., Inc., 2004 WL 1283965, at *3 (N.D. Tex. June 9, 2004) (citing Alexander v. Gardner–Denver Co., 415 U.S. 36, 44, 94 S. Ct. 1011, 39 L. Ed. 2d 147 (1974), and Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970)).

The scope of a lawsuit is limited to the allegations made in the EEOC charge and any claims that could reasonably be expected to grow out of it. See Fine v. GAF Chem. Corp., 995 F.2d 576, 578 (5th Cir. 1993). Courts are to "construe employment discrimination charges with the 'utmost liberality,' bearing in mind that such charges are generally prepared by laymen untutored in the rules of pleading." Price v. Sw. Bell Tel. Co., 687 F.2d 74, 78 (5th Cir. 1982); see also Preston v. Tex. Dep't of Family and Protective Servs., 222 F. App'x 353, 356 (5th Cir. 2007). To determine whether an allegation in a complaint falls within the scope of a charge filed with the EEOC, a court must "engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." Pacheco v. Mineta, 448 F .3d 783, 789 (5th Cir. 2006).

Here, while the bulk of the factual allegations in Walker's EEOC charge relate to his failure to be promoted and a subsequent demotion, the charge also states, "I am working in a hostile working environment and I feel targeted by members of Senior Management. . . ." Although Defendant labels this as a "conclusory" and "passing" reference, it is sufficient to put the EEOC and employer on notice of a hostile work environment claim in contrast to the cases cited by Defendant. See Randel v. United States Dept. of Navy, 157 F.3d 392, 395 (Plaintiff failed to exhaust

3

administrative remedies where "EEO charge . . . makes *no reference* to race discrimination") (emphasis added); Johnson v. Harrah's Entm't, Inc., 2005 WL 3541139, at *4 (E.D. La. Nov. 16, 2005) (same where "Plaintiff made *no mention* of either race discrimination or a hostile work environment in his only EEO charge.") (emphasis added). Given the liberal standard by which the Court is to construe EEOC complaints, the Court finds that Walker's hostile work environment claim could reasonably be expected to grow out of his EEOC complaint, and this argument lacks merit.

      B.      Failure to State a Claim

Tronox also argues that Walker's complaint fails to state a hostile work environment claim under the framework set forth in Twombly and Iqbal. A hostile work environment claim requires "(1) membership in a protected group; (2) harassment (3) based on a factor rendered impermissible by Title VII; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment yet failed to address it promptly." Hernandez v. Yellow Transp., Inc., 670 F.3d 644, 654 (5th Cir. 2012). For harassment to affect a term, condition, or privilege of employment, as required to support a hostile work environment claim under Title VII, it must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Ramsey v. Henderson, 286 F.3d 264, 268 (5th Cir. 2002) (quotations omitted).

Here, the factual allegations of the complaint center around Tronox's use of discriminatory promotion criteria and a subsequent demotion. The Fifth Circuit has distinguished discrete employment actions such as failure to promote and demotion from the type of harassment that constitutes a hostile work environment claim. See Gates v. Lyondell Petrochemical Co., 227 F.

4

App'x 409, 409 (5th Cir. 2007) (citing Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 838-39 (8th Cir. 2002)); Stith v. Perot Sys. Corp., 122 F. App'x 115, 118 (5th Cir. 2005). The only reference to harassment in Walker's complaint is paragraph seventeen, which conclusorily states, "Plaintiff was unlawfully harassed by his supervisor because of his race." The complaint is otherwise devoid of any other factual allegations regarding the alleged harassment. This conclusory allegation, standing alone, is insufficient to state a plausible claim for a hostile work environment under Rule 12(b)(6). However, the Fifth Circuit has indicated that a district court should "afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002). Accordingly, Walker's hostile work environment claim is dismissed without prejudice, and Plaintiff is granted leave to file an amended complaint within fourteen days more fully setting the forth the factual basis of his racial harassment claim.

## II. Intentional Infliction of Emotional Distress

Tronox argues that Walker's IIED claim is barred by the statute of limitations. In response, Walker states,"Plaintiff agreed to dismiss his claim for intentional infliction of emotional distress." The Court construes this as conceding the claim, and accordingly grants Tronox's motion as to this claim.

## III. Negligent Infliction of Emotional Distress

Tronox argues that Walker's NIED claim is barred by the exclusivity provision of the Mississippi Workers' Compensation Act (MWCA). The Court agrees. The MWCA provides the

5

exclusive remedy for a workplace injury based on negligence. See MISS. CODE ANN. § 71-3-9 ("The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee . . . at common law or otherwise from such employer on account of such injury."). Mississippi Courts have consistently dismissed claims for NIED brought by employees against their employers as barred by the exclusivity provision of the MWCA. See, e.g., Johnson v. Lowndes County VFW Post #4272, 2012 WL 1004895, at *2-3 (N.D. Miss. Mar. 26, 2012); Easterling v. AT&T Mobility, LLC, — F. Supp. 2d —, 2011 WL 5516993, at *3 (S.D. Miss. Apr. 8, 2011) ("plaintiff's claims for negligence, gross negligence and negligent infliction of emotional distress are barred by the Mississippi Workers' Compensation exclusivity bar"); Howard v. Hancock Med. Ctr., 2006 WL 3487109, at *7 (S.D. Miss. Dec. 1, 2006) (NIED claim against employer barred by MWCA); Campbell v. Jackson Bus. Forms Co., 841 F. Supp. 772, 774-75 (S.D. Miss. 1994) (negligent supervision claim barred by exclusivity provision of MWCA).

Here, Walker's NIED claim against Tronox arose out of an employer-employee relationship, is obviously grounded in negligence, and Walker has failed to otherwise advance any argument as to why the MWCA exclusivity bar should not apply to this claim. Accordingly, Tronox's motion is granted as to this claim.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted in part. A separate order shall issue in accordance with this opinion.

SO ORDERED on this, the 25th day of April, 2012.

                                          /s/ Sharion Aycock
                                        **UNITED STATES DISTRICT JUDGE**